## Taylor *v.* Emery.

After the completion of a levy, an officer shall not have leave to amend his return of the attachment on mesne process, by inserting the hour of the day at which the copy was left at the town clerk's.

An attachment which appears by the return to have been made on a certain day, will not be presumed to have been made earlier than five o'clock in the afternoon, as against a conveyance put on record at that hour.

WRIT OF ENTRY. The land in controversy was formerly the property of one T. G. Emery, and is claimed by the demandant by virtue of an attachment made at his suit on the 17th day of July 1839, and a subsequent levy under a

judgment obtained thereon. By the return of the officer it appears that he attached the land on the day specified, and left at the office of the town clerk a true and attested copy of the writ, with a true and attested copy of his return indorsed thereon.

The hour of the day at which the service was completed did not appear by the return, but it was in fact done at ten o'clock in the morning.

The tenant claimed the premises under a mortgage to one John Carney, executed on the 16th day of the same month, and recorded on the 17th at 5 o'clock in the afternoon. The existence of this deed was not known either to the demandant, or to his attorney, or to the attaching officer, at the time when the attachment was made.

The officer moved for leave to amend his return, so that it might appear thereby that the attachment had been perfected by leaving the copy at the dwelling-house of the town clerk at ten o'clock in the morning of the 17th of July, the day on which the deed of mortgage was recorded.

The questions of law arising upon the motion were transferred to this court.

*N. Eastman*, for the demandant.

*L. D. Sawyer*, for the tenant.

GILCHRIST, J. It was decided in *Whittier* v. *Varney*, 10 N. H. 291, that an officer's return of an execution might be amended, notwithstanding the intervening rights of other parties, if the return contain sufficient matter to indicate that in making the extent all the requisitions of the statute were probably complied with. The principle of that case is applicable to the return of an attachment; but in the present instance there is a difficulty in making the application. If the officer were now to amend his return so as to denote the hour, according to the motion, the amendment according to the doctrine of the case cited,

Taylor *v.* Emery.

relating back to the commencement, then the copy left with the town clerk would not be a true copy; and the variance might have been available to the party claiming under the mortgage, in another form. The motion is for that cause denied.

In the form in which the return stands, there is no presumption in law that it was made at an earlier hour than five o'clock in the afternoon, the time when the record of the mortgage is shown to have been made. Of course the demandant does not show that his title was of earlier inception than the tenant's, whose possession in the absence of such proof must prevail.

*Plaintiff nonsuit.*